UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STACI MITCHELL,<br><br>                  Plaintiff,<br>     v.<br><br>ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,<br><br>                  Defendant. | Case No. 3:19-cv-00160-MMD-CBC<br><br>ORDER |

**I.    SUMMARY**

Plaintiff Staci Mitchell sued her insurer, Defendant Allstate Fire and Casualty Insurance Company, for allegedly failing to adequately reimburse her for damages she incurred in a car accident. (ECF No. 1-1.) Defendant removed the case to this Court. (ECF No. 1.) Before the Court is Plaintiff's motion to remand because the amount in controversy does not exceed the $75,000 jurisdictional threshold.[1] (ECF No. 7.) Because Defendant has failed to carry its burden to show the amount in controversy requirement is satisfied, the Court will grant Plaintiff's Motion and remand this case to the Second Judicial District Court.

**II.    BACKGROUND**

The following allegations come from the Complaint. (ECF No. 1-1.)

Plaintiff alleges she is covered by a car insurance policy provided by Defendant (the "Policy"). (*Id.* at 4.) Plaintiff was injured in a car accident that occurred on November 28, 2017. (*Id.*) While she filed a claim with Defendant for her injuries, and complied with the Policy, Defendant failed to timely investigate, evaluate, and pay her claim. (*Id.* at 4-5.)

---

[1]Defendant filed a response (ECF No. 9), and Plaintiff filed a reply (ECF No. 10).

Plaintiff filed her Complaint in the Second Judicial District Court in and for the County of Washoe (ECF No. 1-1 at 2), and Defendant removed based on diversity jurisdiction (ECF No. 1 at 2).

Plaintiff asserts the following claims in the Complaint: (1) breach of contract; (2) bad faith and breach of the implied covenant of good faith and fair dealing; and (3) violation of the trade practices act NRS § 686A.310, NAC § 686A, *et seq.* (ECF No. 1-1 at 5-7.) Plaintiff seeks actual damages, punitive damages, and attorneys' fees. (*Id.* at 8.)

## III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *See* U.S. Const. art. III, § 2, cl. 1; *see also, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit at commencement of the action. *See* 28 U.S.C. § 1441(a). However, courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction *must* be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added). The party seeking removal bears the burden of establishing federal jurisdiction. *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

To establish subject matter jurisdiction pursuant to diversity of citizenship under § 1332(a), the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332(a). Where it is not facially evident from the complaint that $75,000 was in controversy at the time of removal, a defendant seeking removal must prove, by a preponderance of the evidence, that the amount in controversy requirement is met. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

Under a preponderance of the evidence standard, a removing defendant must "provide evidence establishing that it is 'more likely than not' that the amount in

controversy exceeds" the jurisdictional minimum. *Id.* at 1117 (citations omitted). As to the kind of evidence that may be considered, the Ninth Circuit has adopted the "practice of considering facts presented in the removal petition as well as any 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). Conclusory allegations are insufficient. *See Matheson*, 319 F.3d at 1090 (citation omitted).

**IV. DISCUSSION**

Plaintiff does not request a specific amount of damages in the Complaint. (*See generally* ECF No. 1-1.) Thus, Defendant must prove, by a preponderance of the evidence, that the amount in controversy requirement is satisfied.[2] *See Valdez*, 372 F.3d at 1117. Defendant has not made this showing. The Court addresses below several of Defendant's alternative arguments as to the amount in controversy.

Defendant first argues that Plaintiff has consistently demanded her policy limit of $100,000 in a series of demand letters detailing that she has incurred $82,000 in past medical expenses and expects to incur $216,000 in future medical expenses. (ECF No. 9 at 2.) However, Defendant supports this argument with a declaration from its counsel stating merely that he is informed and believes this to be the case. (ECF No. 9-1 at 2.) Defendant's counsel also implies he has the demand letters to support his statements in that same declaration, and states they "will be provided for the Court's review at the hearing[,]"[3] but he does not provide the Court with a copy of them, whether under seal or

---

[2]Neither party disputes they are diverse, which is the other requirement of diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

[3]The Court has not set a hearing on the Motion. Defendant also has not requested one. *Compare* LR 78-1 (providing a party can request a "hearing by inserting the words ORAL ARGUMENT REQUESTED below the title of the document on the first page of the motion or response.") *with* ECF No. 9 (failing to do so). Thus, the Court is confused by Defendant's counsel's reference to a hearing. (ECF No. 9-1 at 2.) Regardless, the Court declines to hold a hearing on the Motion, as it finds a hearing unnecessary. *See* LR 78-1 ("All motions may be considered and decided with or without a hearing."). To the extent

3

otherwise. (*Id.*) Plaintiff responds that Defendant mischaracterizes the dispute between the parties, and provides a letter to support its contrary claim that Plaintiff's highest demand in this case to date was $74,000 "inclusive of all costs, interest, and attorney fees as well as releasing all claims known and unknown." (ECF No. 10 at 2 (citing ECF No. 10-3 at 2 (from which the quotation is taken)).) The Court agrees with Plaintiff. The summary-judgment-type evidence before the Court suggests that the amount in controversy here is only $74,000. *See Vasco v. Allstate Fire & Cas. Ins. Co.*, Case No. 3:18-cv-00076-MMD-VPC, 2018 WL 2459163, at *2 (D. Nev. June 1, 2018) (reaching a similar result under similar circumstances, but where the defendant arguably produced more evidence, but no affidavit, in support of its characterization of the amount in controversy).

Defendant also argues that Plaintiff's $74,000 settlement offer is a "post-removal demand" insufficient to support remand. (ECF No. 9 at 3-4.) Plaintiff counters that it made the $74,000 settlement offer on March 14, 2019, and Defendant did not file its notice of removal until March 22, 2019. (ECF No. 10 at 3-4.) The Court again agrees with Plaintiff. Plaintiff's proffered evidence (ECF Nos. 10-3, 10-4, 10-5), as well as the docket, supports Plaintiff's argument that Plaintiff made her $74,000 settlement offer before Defendant removed the case. Further, as noted above, there is no summary-judgment-type evidence before the Court that Plaintiff ever sought more than $74,000. Thus, the Court rejects Defendant's 'post-removal demand' argument.

Defendant also argues that Plaintiff's punitive damages demand pushes the amount in controversy over the jurisdictional threshold. (ECF No. 9 at 7-9.) However, this argument begins from the unsupported premise that Plaintiff's claimed medical expenses exceed $89,000.[4] (*Id.* at 8.) And "it is not enough to tell the Court that Plaintiffs seek punitive damages, Defendant must come forward with evidence showing the likely award

---

Defendant is concerned about filing settlement demand letters, Defendant could have sought leave to file them under seal.

[4]Earlier in the same response, Defendant stated Plaintiff claims $82,000 in past medical expenses. (ECF No. 9 at 2.)

if Plaintiffs were to succeed in obtaining punitive damages." *See, e.g.*, *Wolf v. State Farm Mut. Auto. Ins. Co.*, Case No. 2:14-cv-00589-GMN, 2014 WL 6882937, at *3 (D. Nev. Dec. 4, 2014) (citations omitted). Defendant has not done so here. While the Court agrees with Defendant punitive damages can be considered part of the amount in controversy, Defendant has presented insufficient evidence for the Court to determine what those damages might be, and the Court therefore declines to find the amount in controversy requirement is satisfied based on Plaintiff's seeking punitive damages.

Further, Defendant argues the Court should consider the fact that Plaintiff appears to seek pain and suffering damages, and attorneys' fees, in calculating the amount in controversy. (*Id.* at 10-11.) When added together, Defendant argues, these amounts exceed the jurisdictional minimum. (*Id.*) Regarding emotional distress damages, Defendant makes no attempt to calculate how much they might be, nor how they might add to other amounts to total over $75,000. (*Id.* at 10.) Thus, the Court finds this argument unpersuasive. Defendant's argument as to attorneys' fees concludes they would amount to around $33,000, or one third of Plaintiff's $100,000 policy limit. (*Id.* at 10.) But Defendant offers no evidence Plaintiff and her counsel's relationship is governed by a contingency-fee arrangement that would yield a fee of about one third of Plaintiff's recovery, nor does Defendant offer any evidence to rebut Plaintiff's $74,000 demand letter in support of its argument that Plaintiff is seeking her $100,000 policy limits—as discussed above. Thus, the Court is not persuaded these two categories of costs push the amount in controversy over the jurisdictional line.

In sum, while Defendant's argument that the amount in controversy requirement is satisfied is legally plausible, it lacks factual and evidentiary support. *See Matheson*, 319 F.3d at 1090 (requiring summary-judgment-type evidence). And Defendant bears the burden here. *See Valdez*, 372 F.3d at 1117. Unlike Defendant, Plaintiff has offered some evidence of the amount in controversy. (ECF Nos. 10-3, 10-4, 10-5.) The amount in controversy in this case is therefore $74,000—Plaintiff's highest settlement offer to date.

Given that this amount does not exceed $75,000, the Court will remand this case. *See Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

**V.      CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that Plaintiff's motion to remand (ECF No. 7) is granted. This action is remanded to the Second Judicial District Court in and for the County of Washoe. The Clerk of the Court is instructed to close this case.

DATED THIS 30th day of April 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE